IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

PAUL RATCHFORD,

        Plaintiff,

v.                                 CIVIL ACTION NO. 5:09-cv-00358

CSX CORPORATION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Paul Ratchford's Motion to Remand Case Back to Greenbrier County Circuit Court [Docket 11].

This case arises from a dispute between Paul Ratchford and his former employer, CSX Hotels, Inc. (CSX) and several entities and individuals related to CSX (Defendants, collectively). The complaint was filed in the the Circuit Court of Greenbrier County, West Virginia, on March 21, 2008. Plaintiff's claims rely exclusively on state law and at least two named defendants are citizens of the forum state. Accordingly, this Court would not have had original jurisdiction over the matter had it been filed here initially.

CSX filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia on March 19, 2009. Defendants filed a timely notice of removal on April 10, 2009. This Court's jurisdiction was predicated on 28 U.S.C. § 1334(b), which invests the Court with original jurisdiction over "all civil proceedings . . . arising in or related to cases under title 11." Removal was proper under 28 U.S.C. § 1452(a).

On May 21, 2009, the bankruptcy court dismissed CSX's petition as moot. Plaintiff contends that in absence of a bankrupt debtor as a party to the action, the Court is "divest[ed]" of jurisdiction to adjudicate the state law claims. (Docket 11-2 ¶ 7.) This assertion is not entirely accurate. It is well-established that once a court obtains jurisdiction over a matter, jurisdiction "remains . . . even if subsequent events eliminate the original basis for federal jurisdiction." *Chapman v. Currie Motors*, 65 F.3d 78, 81 (7th Cir. 1995). The Court can continue to exercise jurisdiction over this case, but it does not necessarily follow that it should.

"[A]s as a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings." *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201 (5th Cir. 1993). Dismissal of the related proceedings is not mandatory, however. The Court may, in its discretion, continue to exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a). *See Greiner v. Columbia Gas Transmission Corp.*, 41 F. Supp. 2d 625, 627 (S.D. W. Va. 1999); *accord Chapman*, 65 F.3d at 81 (collecting cases). Conversely, the Court may abstain from exercising supplemental jurisdiction, 28 U.S.C. § 1367(c)(3), or remand the case to court from which it was removed, 28 U.S.C. § 1452(b).

Although it is not mandatory, remand under § 1452(b) appears to be the most appropriate course of action in this case. Where, as here, state law claims "related to" a bankruptcy case are removed to the district court, the court has discretion to remand those claims back to the state court "on any equitable ground." 28 U.S.C. § 1452(b). "The phrase 'any equitable ground' has been liberally construed to mean any appropriate ground." *Griessel v. Mobley*, 554 F. Supp. 2d 597, 605 (M.D.N.C. 2008).

The equities weigh heavily in favor of remanding this case to the Greenbrier County Circuit Court. As of the time of removal, this matter had been pending in the circuit court for roughly thirteen months. By contrast, the case has been before this Court for less than two months. Furthermore, Plaintiff's claims are based entirely on state law, over which the Court only has supplemental jurisdiction. Lastly, Defendants do not oppose Plaintiff's request to remand this case.

For the reasons stated above, Plaintiff's motion to remand [Docket 11] is **GRANTED**.[*] The Court hereby **REMANDS** this case to the Circuit Court of Greenbrier County for further proceedings.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and a certified copy to the Clerk of the Circuit Court of Greenbrier County, West Virginia.

ENTER: June 11, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[*] Plaintiff filed a Motion to Dismiss Debtor CSX Hotels, Inc. jointly with the motion to remand [Docket 11]. The Court declines to rule on this, or any other, outstanding motion.